THURMAN VS HENDERSON ET AL.

Opinion delivered Sept. 26, 1907.

(104 S. W. Rep. 936).

1. *Landlord and Tenant—Breach of Contract.*
In an action brought to recover upon a covenant of quiet enjoyment implied in a lease where only the plaintiff and defendant appeared,

and there being no facts to authorize evidence being introduced to change the terms of the lease, wife of defendant was not a proper party, even though in making the lease to plaintiff defendant was acting for his wife.

2. *Appeal—Error*.

In an action brought against a husband and wife, the court would not give verdict against defendant's wife, but instructed a verdict against the husband in favor of plaintiff for the maximum sum plaintiff was entitled to. It was held that as the verdict was in his favor plaintiff had no cause to complain.

Error to the United States Court for the Central District of the Indian Territory; before Justice T. C. Humphry, March 8, 1906.

Action by J. K. Thurman against G. Y. Henderson and another to recover for the breach of a covenant of quiet enjoyment in a lease. From a judgment for plaintiff against defendant Henderson, plaintiff brings error. Affirmed.

*Robert Crockett* and *W. T. Sprowls*, for plaintiff in error.

*W. H. Ritchey*, for defendants in error.

LAWRENCE, J. This action was brought by plaintiff in error to recover damages from defendants in error for the breach of covenants of quiet enjoyment in a lease. The complaint is peculiar. It is therein alleged that the written contract of leasing "was entered into with the defendant, G. Y. Henderson, at the time acting as agent for his wife, Lulu Henderson, defendant herein." Then follows, haec verba, the lease, which recites: "This lease contract made and entered into this the 12th day of September, 1904, by and between G. Y. Henderson and J. K. Thurman, witnesseth: That for and in consideration of $500.00, to Henderson this day paid by Thurman, the receipt whereof is hereby acknowledged, said Henderson sells and conveys all his rights to the rents on the hereinafter lands and premises, which said rents are due me as follows:   *   *   *  And as a further consideration, I, G. Y. Henderson, hereby rent and let and lease unto said Thurman for years 1905-1906

the following described lands, on which said crops are now growing: * ` * * Said Thurman shall have possession of all said ¼ section, * * * and, at the end of this lease, shall deliver to said Henderson said premises in as good condition as they now are. * * * Also it is agreed that said Thurman shall have the use and benefit of a ½ interest in a 200-acre pasture, known as the Henderson and Williamson pasture, joining this above described farm on the west, and he, Thurman, shall keep up his part of the fence around said pasture. [Signed] G. Y. Henderson. J. K. Thurman." It was duly acknowledged before a notary public. It is therein averred that plaintiff took possession of said described land under the terms of the lease, and did put same into cultivation for the year 1905, and held possession until March, 1905, when he was notified by one Crowder, a citizen of the Choctaw Nation, that he had filed on said lands as his allotment, and that, unless the plaintiff would enter into a rental contract with him, Crowder, he would cause him to be at once dispossessed by the United States Indian agent. Thereupon plaintiff demanded of defendants Henderson and his wife, Lulu, to prevent the threatened ouster, which they refused to do, and that plaintiff, to prevent said ouster, did make a rental contract with said Crowder for possession of said premises for the year 1905, and paid him therefor $100. It is further averred that defendant and his wife, and neither of them, had any right, title, claim, or interest in said premises at the time of their said pretended lease, though they represented to plaintiff, at that time, that they had such right, title, and claim, or interest therein; that plaintiff relied upon said representations; that said facts were unknown to him, and, relying thereon, entered into said contract of leasing with them. He asked judgment for $400. Defendant filed demurrer to the complaint, on ground that facts alleged did not make a cause of action, and because the contract set forth in the complaint was not recorded. The

record is thereafter silent as to this demurrer. Both defendants answer the complaint, admitting that the contract therein set forth was executed by defendant G. Y. Henderson, and that he was acting as agent for his said wife for the sale of said premises, but was not authorized to execute any written instrument; avers that plaintiff has not been dispossessed of said premises, that Crowder had not any right to demand possession, and that defendants had not knowledge of his claim or demand for the alleged possession of said land until long after plaintiff had made the rental contract with said Crowder, that said Crowder offered to pay plaintiff the $200 which he, Crowder, owed these defendants, and plaintiff refused and elected to retain the premises and take $200 in the form of a reduction of rents; and denies that plaintiff had not knowledge of the right of Crowder to the possession of said premises, and that he had filed upon the same for his citizen child. Upon this issue the cause was tried to a jury. At the close of the evidence plaintiff asked a peremptory instruction for a finding by the jury against the defendant Lulu Henderson, which was refused by the court, and, in lieu thereof, the court instructed the jury to return a verdict for plaintiff against G. Y. Henderson, defendant, for $200, and the jury returned a verdict accordingly. Plaintiff filed motion for a new trial on the grounds that verdict was against the law, against the evidence, and against both law and evidence, because court refused to give the peremptory instruction asked by plaintiff; because of the peremptory instruction given on its own motion to return a verdict against defendant G. Y. Henderson, and not against his wife; and because the verdict does not find against either defendant, as named, being against J. Y. Henderson, instead of G. Y. Henderson. The motion was overruled, and judgment rendered thereon in favor of the plaintiff and against G. Y. Henderson.

The plaintiff in error assigned six errors; the first, second, third, and fourth and sixth being a repetition of the same

numbered grounds in the motion for a new trial, the fifth, because the original and amended answers expressly admit that G. Y. Henderson, in the making of the lease to plaintiff, was acting for his wife and codefendant. This is an action ex contractu to recover upon the breach of the implied covenant of quiet enjoyment in a lease, and the only parties appearing therein are the plaintiff in error and the defendant in error, G. Y. Henderson. The wife of this defendant was not a party thereto, and hence was not a proper party in this action. If the admission was made by the defendants, as is claimed by this plaintiff, in their joint answer, it was of no effect. The lease was the ground of action, and there are no facts appearing to allow the introduction of evidence to vary the plain, express terms of the instrument. Its execution, exactly as set forth verbatim in the complaint, was admitted, and the only question left for contention, under the pleadings, was the breach of the said covenant and the measure of damages. The record does not present much, if anything, to create a contention. The maxim, "De minimis non curat lex," might have been invoked, but the court took the case in hand at the close of the evidence, and directed a verdict for plaintiff in the sum of $200, and consistently therewith entered judgment thereon against the defendant G. Y. Henderson. No exception appears upon the record by the said defendant, and, as we view the case, the plaintiff has no cause for complaint, or exception to this action of the court. A party is not in a situation to complain of an error made in his favor.

Under the most liberal view possible of this record, $200 would be the maximum of recovery. Plaintiff got this. His assignments of error are not well taken.

The judgment is affirmed.

Gill, C. J., and Clayton and Townsend, JJ., concur.